1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

Gary Rosenthal,

                Debtor.

_____

Gary Rosenthal,

                Plaintiff,

      v.

Defendant NewRez, LLC, d/b/a/ Shellpoint
Mortgage Services, LLC, Buda Hill, LLC,
and Eastside Funding, LLC

                Defendant.

Case No. 24-12397 – CMA

Adv. No. 25-01010-CMA

Chapter: 13

AMENDED COMPLAINT

## I.    INTRODUCTION

1.    This is an adversary proceeding in which Plaintiff Gary Rosenthal ("Plaintiff"

or "Debtor") seeks a determination that the real property located at 20228 23rd Place NW,

Shoreline, WA (the "Property") remains part of the bankruptcy estate and that Defendant

Buda Hill, LLC ("Buda Hill") and Eastside Funding, LLC do not hold valid title to the

Property.

1

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

2.      Plaintiff seeks a declaratory judgment under FRBP 7001(2) and 7001(9), that title to the Property remains vested in the bankruptcy estate pursuant to 11 U.S.C. § 541 and 11 U.S.C. § 105(a), as the foreclosure sale was incomplete at the time of the bankruptcy filing.

3.      Plaintiff also seeks to Quiet Title by declaring that the Plaintiff holds exclusive and superior title to the Property, free and clear of any claims by Defendants and granting such other relief as the Court deems just and equitable

4.      Plaintiff in the alternative, seeks to avoid transfer of the Property under 11 U.S.C. §§ 544 and 548 because the foreclosure sale was not properly completed before the bankruptcy filing, making the transfer avoidable under federal and Washington state law and to recover the Property under 11 U.S.C. § 550 and requests declaratory relief confirming that title to the Property was never lawfully transferred to Defendant Buda Hill and Eastside Funding, LLC.

5.      Additionally, Plaintiff seeks to avoid a preferential transfer of $363,188.65 to Defendant Shellpoint Mortgage Servicing ("Shellpoint") under 11 U.S.C. § 547, as it was made post-petition in violation of the automatic stay.

6.      Plaintiff further asserts in the alternative, that the post-petition transfer to Shellpoint violated the automatic stay under 11 U.S.C. § 362, rendering it void and subject to recovery for the estate.

7.      The foreclosure sale constitutes a material irregularity under Washington law (RCW 61.24.050(1)) as recognized in *Udall v. T.D. Escrow Services, Inc.*, 159 Wash.2d 903,

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

154 P.3d 882 (2007), and similar cases, warranting avoidance of the sale and preservation of the Property within the bankruptcy estate.

## II. JURISDICTION

8.      Plaintiff brings this adversary proceeding under 11 U.S.C. §§ 541, 544, 547, 548, and 550, and Federal Rule of Bankruptcy Procedure 7001(2), and (9).

9.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334.

10.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H), and (K), as it concerns the determination of an interest in property, the avoidance of a transfer, and the recovery of estate property.

11.      Venue is proper pursuant to 28 U.S.C. § 1409(a), as Plaintiff Gary Rosenthal's bankruptcy case is pending in this district.

## III. PARTIES

12.      The Plaintiff, Gary Rosenthal ("Rosenthal" or "Plaintiff"), is a debtor in Chapter 13 bankruptcy case number 24-12397-CMA filed on September 24, 2024, in the United States Bankruptcy Court for the Western District of Washington.

13.      Defendant NewRez, LLC, d/b/a/ Shellpoint Mortgage Services, LLC ("Shellpoint"), is a Delaware Limited Liability Company in Washington State.  Its registered agent is Corporation Service Company, 2351 Little Falls Drive, Wilmington, DE 19808, and its headquarters is located at 601 Office Center Drive, Suite 100, Fort Washington, PA 19034. Shellpoint is a mortgage loan servicer and creditor that received a post-petition payment of $363,188.65 from the foreclosure sale proceeds, which Plaintiff alleges was an

3

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

avoidable preferential transfer made in violation of the automatic stay.

14.     Defendant Buda Hill, LLC, is a Washington Limited Liability Company doing business in Washington. Its principal address is 3232 113TH Ave SE, Bellevue, WA, 98004-7520. Its registered agent is Lei Tang, 2009 196TH St SE, Apt B204, Bothell, WA, 98012-8516. Buda Hill, LLC ("Buda Hill") claims an interest in the real property commonly known as 20228 23rd Place NW, Shoreline, WA (the "Property"), based on a Trustee's Deed executed and mailed prepetition but not physically delivered or recorded before Rosenthal's bankruptcy filing.

15.     Defendant Eastside Funding, LLC is a limited liability company with its principal place of business at 3927 Lake Washington Blvd NE, Kirkland, WA, 98033-7812. Its registered agent is CT Corporation System, 711 Capitol Way S., Ste 204, Olympia, WA 98501-1267. Eastside Funding, LLC provided financing to Buda Hill, LLC for its purchase at the foreclosure sale but did not receive an independent title claim to the Property. Instead, its claim is contingent upon Buda Hill's interest.

## IV.     FACTUAL ALLEGATIONS

16.     On or about June 23, 2009, the debtor executed a Note in favor of "Provident Funding Associates, L.P. " in the principal amount of $397,000.

17.     On June 25, 2009, a Deed of Trust dated June 23, 2009, was recorded under King County Recorder's No. 20090625001528 against the debtor's property located at 20228 23rd Place NW, Shoreline, WA, (APN: 115880-0040-03), and legally described as:

LOT(S) 4, BROOKWOOD ADDITION No. 2, according to the plat thereof recorded in Volume 75 of Plats, page(s) 1, records of King County Washington. Situate in the

4

AMENDED COMPLAINT

County of King, State of Washington.

18.     The Deed of Trust named Provident Funding Associates, L.P. as the "Lender" and Mortgage Electronic Registration Systems, Inc. ("MERS") as both the beneficiary and nominee for the Lender and its assigns.

19.     A Corporate Assignment of Deed of Trust, assigning the beneficial interest in the Property to NewRez, LLC d/b/a Shellpoint Mortgage Servicing, was completed on January 22, 2024 and recorded the same day under King County Recorder's No. 20240122000270.

20.     On May 15, 2024, a Notice of Trustee's Sale was issued on the Property under Trustee Sale No. WA-24-987612-RM, setting a non-judicial foreclosure sale under RCW 61.24.040 for September 20, 2024.

21.     On September 20, 2024, the non-judicial foreclosure trustee, Quality Loan Service Corporation, conducted a non-judicial foreclosure sale of Rosenthal's Property. Defendant Buda Hill, LLC and Eastside Funding, LLC, for security purposes only, submitted the winning bid of $915,100.00 despite the significantly higher fair market value for the Property of at least $1,300,000.

22.     On September 24, 2024, at 1:51 PM PST, the foreclosure trustee executed and placed the unrecorded Trustee's Deed in the U.S. Mail to Eastside Funding, LLC. However, it was not physically delivered or recorded before Rosenthal's bankruptcy filing.

23.     On the same day, September 24, 2024, at 2:56 PM PST, Rosenthal filed for Chapter 13 bankruptcy (Case No. 24-12397-CMA) before the Trustee's Deed was delivered

5

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

or recorded.

24.    Under RCW 61.24.050(1), title to a foreclosed property does not transfer until the Trustee's Deed is physically delivered to the purchaser.

25.    Because the Trustee's Deed was neither physically delivered nor recorded before bankruptcy, the Property remained part of the bankruptcy estate under 11 U.S.C. § 541.

26.    The foreclosure sale resulted in surplus funds of $551,911.35, currently held by the foreclosure trustee.

27.    After the bankruptcy filing, the foreclosure trustee transferred $363,188.65 to Defendant Shellpoint despite the automatic stay, violating the automatic stay.

28.    Since the payment was made post-petition, it violated the automatic stay, and undoing it restores the status quo as of the bankruptcy filing.

29.    Also, preserving the mortgage allows Plaintiff to complete reorganization instead of having to replace financing outside of bankruptcy.

30.    The Plaintiff intends to reorganize through Chapter 13 and proposes to refinance or sell the Property to satisfy creditor claims.

31.    The Court later granted Buda Hill relief from the automatic stay to record the Trustee's Deed. However, this order did not adjudicate the validity of Buda Hill's title, nor did it cure the procedural irregularity created by the bankruptcy filing before title transfer.

32.    A stay relief order does not retroactively validate a defective foreclosure sale,

6

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Case 25-01010-CMA    Doc 34    Filed 02/18/25    Ent. 02/18/25 16:46:15    Pg. 6 of 17

and it does not alter Plaintiff's right to challenge the sale as void or avoidable under §§ 544 and 548.

33.     The Debtor requested that the Chapter 13 Trustee initiate an avoidance action or for permission to file one, and the Trustee has not indicated any intention to act within a reasonable time.

## V.     LEGAL STANDARD FOR DERIVATIVE STANDING

34.     The Ninth Circuit allows derivative standing when: (1) the debtor or creditor requests the trustee to bring an avoidance action, (2) the trustee refuses or fails to act within a reasonable time, (3) the claim is colorable and would benefit the estate, (4) the court grants approval for the debtor to proceed, *Avalanche Mar., Ltd. v. Parekh (In re Parmetex, Inc.,* 199 F.3d 1029, 1031 (9th Cir. 1999), and (4) derivative standing has been granted in avoidance actions under § 544 when the trustee fails to act. *In re Catholic Bishop of N. Alaska*, 584 F.3d 1206, 1210 (9th Cir. 2009)).

35.     The Debtor's request for derivative standing to bring this action meets this standard.

## VI.     ARGUMENT

### A.     COUNT I – DECLARATORY AND PERMANENT INJUNCTIVE RELIEF (DETERMINATION OF PROPERTY INTEREST) 1*1 U.S.C. § 541, 11 U.S.C. § 105(A), FED. R. BANKR. P. 7001(2) & (9), RCW 61.24.050(1))*

36.     Plaintiff reasserts and incorporates by reference all preceding paragraphs as if fully set forth herein

37.     Plaintiff, utilizing the powers of the bankruptcy estate under 11 U.S.C. § 541

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Case 25-01010-CMA    Doc 34    Filed 02/18/25    Ent. 02/18/25 16:46:15    Pg. 7 of 17

and 11 U.S.C. § 105(a), assumes the authority of the foreclosing trustee to protect estate assets, enforce compliance with bankruptcy protections, and prevent unauthorized disposition of the Property. Plaintiff steps into the shoes of the foreclosing trustee to preserve the estate's interest in the Property, prevent unauthorized conveyance, and ensure compliance with the Bankruptcy Code, as these issues are particularly relevant to the claims and relief sought in this section.

38.     Pursuant to 11 U.S.C. § 541(a)(1), all legal and equitable interests in property held by the debtor at the commencement of the bankruptcy case become property of the bankruptcy estate.

39.     Under RCW 61.24.050(1), legal title to real property subject to a nonjudicial foreclosure sale does not transfer to the foreclosure purchaser until the Trustee's Deed has been physically delivered to the purchaser. Physical delivery is required for conveyance under Washington law.

40.     Plaintiff filed for Chapter 13 bankruptcy protection on September 24, 2024, at 2:56 PM PST. At the time of filing, the Trustee's Deed had neither been physically delivered nor recorded.

41.     Because the Trustee's Deed had not been physically delivered prior to the bankruptcy filing, the foreclosure process remained incomplete, and legal title to the property continued to reside with Plaintiff. As of the petition date, the automatic stay under 11 U.S.C. § 362(a) prohibited any action to perfect or transfer title without court approval.

42.     Defendants Buda Hill, LLC and Eastside Funding, LLC asserted an ownership

8

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

interest by moving for relief from the automatic stay to continue foreclosure proceedings. The Court granted their motion, finding a colorable claim. However, this lawsuit seeks a final determination of ownership and confirmation that the property remains in the bankruptcy estate.

43. The Plaintiff has sought a temporary restraining order and preliminary injunction to prevent the purchaser from using post-petition receipt of the Trustee's Deed as a basis for recording. Although the purchaser physically received the deed after the bankruptcy filing, the Court granted relief from stay based on Defendants Buda Hill, LLC and Eastside Funding, LLC having a colorable claim. However, that order did not determine ownership.

44. The Court has already issued a Temporary Restraining Order ('TRO') preventing Defendants from recording the Trustee's Deed or taking any action affecting title to the Property. A hearing on the Preliminary Injunction is pending.

45. Plaintiff now seeks to convert the Preliminary Injunction into a Permanent Injunction to ensure continued protection of the bankruptcy estate's interest.

46. Plaintiff seeks to prevent the purchaser from asserting receipt of the Trustee's Deed as a basis for recording, which would improperly complete conveyance and interfere with the estate's reorganization. Because RCW 61.24.127 bars equitable relief once conveyance occurs, preventing delivery remains critical to preserving Plaintiff's remedies beyond monetary damages.

47. Declaratory relief is warranted under 11 U.S.C. § 105(a), which empowers the

9

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Court to issue necessary and appropriate orders to uphold the provisions of the Bankruptcy Code. Additionally, this action qualifies as an adversary proceeding under Fed. R. Bankr. P. 7001(2) & (9). Rule 7001(2) applies to proceedings to determine the validity, priority, or extent of a lien or other interest in property, while Rule 7001(9) governs declaratory judgments relating to bankruptcy matters. This case involves determining the validity of interests in property, including whether title transferred pre-petition.

48.     Plaintiff seeks a judicial determination affirming that title to the Property remains with the bankruptcy estate because the Trustee's Deed was not physically delivered before the bankruptcy filing. Notably, Plaintiff requests that the Court determine: a) The real property located at 20228 23rd Place NW, Shoreline, WA is property of the bankruptcy estate pursuant to 11 U.S.C. § 541; b) Defendants Buda Hill, LLC and Eastside Funding, LLC hold no valid ownership interest in the property as of the petition date; c) Any post-petition attempt to record the Trustee's Deed constitutes a violation of the automatic stay and is void ab initio; and d) the foreclosure sale did not transfer ownership due to non-fulfillment of statutory prerequisites under RCW 61.24.050(1) prior to the bankruptcy filing, and as a result, the Property remains property of the bankruptcy estate under 11 U.S.C. § 541.

49.     Plaintiff further requests that the Court grant such other relief as it deems just and equitable, including but not limited to:

> o   A Permanent Injunction prohibiting Defendants, or any parties acting in concert with them, from recording the Trustee's Deed, transferring, encumbering, or taking any action affecting title to the property, as such actions would violate the bankruptcy estate's exclusive interest in the property and undermine the integrity of the reorganization process by forcing premature

10

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Case 25-01010-CMA    Doc 34    Filed 02/18/25    Ent. 02/18/25 16:46:15    Pg. 10 of 17

1

disposition of estate assets.

2

**B.    COUNT II – QUIET TITLE (RCW 7.28 ET. SEQ.)**

3

4

50.     Plaintiff reasserts and incorporates by reference all preceding paragraphs as if

5

fully set forth herein.

6

51.     Plaintiff is the rightful owner of the real property located at 20228 23rd Place

7

NW, Shoreline, WA (the "Property") and is entitled to clear title.

8

9

52.     Defendants Buda Hill, LLC and Eastside Funding, LLC claim an interest in the

10

Property that is adverse to Plaintiff's ownership rights. Defendants' claims create a cloud on

11

Plaintiff's title because the Trustee's Deed was never physically delivered before the

12

bankruptcy filing. As a result, title did not transfer, and Defendants have no valid ownership

13

interest. Quiet title relief is necessary to formally establish Plaintiff's ownership and remove

14

any competing claims.

15

16

53.     In the alternative, if the Court finds that any interest transferred despite the

17

lack of physical delivery, Plaintiff seeks to quiet title in favor of the bankruptcy estate. Doing

18

so is necessary to protect estate assets in accordance with Chapter 13 bankruptcy's

19

purpose—allowing the debtor to reorganize, cure arrears, and maintain ownership.

20

21

54.     Under RCW 7.28 et. seq. Plaintiff is entitled to a judicial determination

22

quieting title in Plaintiff's favor and barring Defendants from asserting any claim to the

23

Property.

24

55.     Plaintiff requests that the Court enter an order a) declaring that Plaintiff holds

25

26

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

exclusive and superior title to the Property, free and clear of any claims by Defendants; b)

directing Defendants to release any recorded claims or encumbrances purporting to affect

Plaintiff's title, including but not limited to any notices of trustee's sale, lis pendens, or other

recorded instruments asserting an interest in the Property; and c) Granting such other relief

as the Court deems just and equitable.

### C. COUNT III – IN THE ALTERNATIVE, AVOIDANCE OF TRANSFER UNDER 11 U.S.C. § 544(A)(3) (STRONG-ARM POWERS)

56.     Plaintiff re-alleges and incorporates all previous paragraphs.

57.     Under RCW 61.24.050(1), title does not transfer until the Trustee's Deed is

physically delivered to the purchaser.

58.     Plaintiff filed for Chapter 13 bankruptcy on September 24, 2024, at 2:56 PM

PST, before the Trustee's Deed was delivered or recorded.

59.     An irregularity can render a foreclosure sale void.

60.     Because the bankruptcy was filed before the title transfer, the foreclosure sale

was procedurally defective and constitutes an "irregularity" under Washington law. *See*

*Udall v. T.D. Escrow Services, Inc.*, 159 Wash.2d 903, 154 P.3d 882 (2007) (procedural

irregularities that void a nonjudicial foreclosure sale include the borrower's pre-sale

bankruptcy filing).

61.     Under Washington's Deed of Trust Act (RCW 61.24 et al.), a non-judicial

foreclosure sale can be set aside if there is a material "irregularity" in the foreclosure process.

Courts have interpreted "irregularity" broadly to include procedural defects, violations of

12

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

statutory requirements, or legal issues that impair the integrity of the sale.

62.  Since the foreclosure sale was irregular, *BFP v. Resolution Trust Cor*p., 511 U.S. 531 (1994) does not protect the transaction, and the transfer of the Property to Defendant Buda Hill is avoidable under § 548(a)(1)(B).

63.  The Plaintiff received less than reasonably equivalent value for the Property because the sale price of $915,000 was substantially below its fair market value of $1,300,000.

64.  At the time of the transfer, Plaintiff became insolvent as a result of the foreclosure sale.

**65.**  Because the transfer occurred within two years before the bankruptcy filing, and Plaintiff did not receive reasonably equivalent value, the foreclosure sale is avoidable under 11 U.S.C. § 548(a)(1)(B).

66.  Plaintiff seeks to avoid the transfer and recover the Property under § 550.

**D.  COUNT IV – IN THE ALTERNATIVE, AVOIDANCE UNDER 11 U.S.C. § 544(A)(3) (STRONG-ARM POWERS)**

67.  Plaintiff re-alleges and incorporates all previous paragraphs.

68.  The Trustee's Deed was not physically delivered before Plaintiff filed for Chapter 13 bankruptcy on September 24, 2024.

69.  Because title was not perfected pre-petition, the Plaintiff (as debtor-in-possession or through derivative standing) may avoid the transfer under § 544(a)(3).

13

AMENDED COMPLAINT

70.     The foreclosure sale is avoidable under § 544(a)(3) because, at the time of the bankruptcy filing, a hypothetical bona fide purchaser (BFP) would have taken free of the unperfected title transfer to Defendant Buda Hill.

71.     Because a BFP would take title free of Buda Hill's claim, and the debtor is representing the bankruptcy estate through its derivative standing, the foreclosure transfer is avoidable under § 544(a)(3).

72.     Plaintiff seeks to avoid the transfer and recover the Property under § 550.

**E.      COUNT V – AVOIDANCE OF PREFERENTIAL TRANSFER (11 U.S.C. § 547)**

73.     Plaintiff re-alleges and incorporates the foregoing paragraphs.

74.     The payment of $363,188.65 to Shellpoint after the bankruptcy filing constitutes a preferential transfer under 11 U.S.C. § 547.

75.     This transfer occurred within 90 days of the bankruptcy filing, while Plaintiff was insolvent, and allowed Shellpoint to receive more than it would in a Chapter 7 liquidation.

76.     The Plaintiff seeks to avoid and recover this preferential transfer from Shellpoint for the bankruptcy estate.

**F.      COUNT V – IN THE ALTERATIVE, VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362)**

77.     Plaintiff re-alleges and incorporates all previous paragraphs.

78.     After the bankruptcy filing, the foreclosure trustee transferred $363,188.65 to

14

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Case 25-01010-CMA    Doc 34    Filed 02/18/25    Ent. 02/18/25 16:46:15    Pg. 14 of 17

Defendant Shellpoint, violating the automatic stay under § 362(a)(3).

79.     Under Ninth Circuit precedent (In re Schwartz, 954 F.2d 569 (9th Cir. 1992)), post-petition transfers made in violation of the automatic stay are void ab initio.

80.     Plaintiff seeks an order declaring the transfer void and requiring Shellpoint to return the funds to the bankruptcy estate under § 550.

**G.     COUNT VI – RECOVERY OF AVOIDED TRANSFER (11 U.S.C. § 550)**

81.     Plaintiff re-alleges and incorporates the foregoing paragraphs.

82.     Any transfer avoided under §§ 544 and 547 is subject to recovery under § 550.

83.     Plaintiff seeks an order recovering the Property for the bankruptcy estate.

84.     Plaintiff also seeks disgorgement of the preferential transfer of $363,188.65 to Shellpoint to be returned to the purchasers, Buda Hill, LLC and Eastside Funding, LLC, and for reinstatement of Rosenthal's mortgage so that he can effectively reorganize in his Chapter 13 bankruptcy case.

**VII.    RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

85.     Declare that

    a.    the real property located at 20228 23rd Place NW, Shoreline, WA is property of the bankruptcy estate pursuant to 11 U.S.C. § 541;

    b.    b) Defendants Buda Hill, LLC and Eastside Funding, LLC hold no

15

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Case 25-01010-CMA    Doc 34    Filed 02/18/25    Ent. 02/18/25 16:46:15    Pg. 15 of 17

valid ownership interest in the property as of the petition date;

    c.   Any post-petition attempt to record the Trustee's Deed constitutes a violation of the automatic stay and is void ab initio;

    d.   the foreclosure sale did not transfer ownership due to non-fulfillment of statutory prerequisites under RCW 61.24.050(1) prior to the bankruptcy filing, and as a result, the Property remains property of the bankruptcy estate under 11 U.S.C. § 541; and

    e.   that a permanent injunction is issued.

86.    Declare that Defendant holds no valid legal title to the Property and that any sale was void due to the bankruptcy filing.

87.    Quieting Title by declaring that the Plaintiff holds exclusive and superior title to the Property, free and clear of any claims by Defendants and granting such other relief as the Court deems just and equitable.

88.    In the alternative, avoid the foreclosure transfer as a preferential transfer.

89.    In the alternative, avoid the foreclosure transfer under § 544(a)(3) as an unperfected transfer.

90.    In the alternative, avoid the foreclosure transfer under 11 U.S.C. § 548(a)(1)(B) as a fraudulent transfer.

91.    Avoid the preferential transfer of $363,188.65 to Shellpoint under 11 U.S.C. § 547 and recovery of that transfer under § 550, or in the alternative find a violation of the

16

AMENDED COMPLAINT

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Case 25-01010-CMA   Doc 34   Filed 02/18/25   Ent. 02/18/25 16:46:15   Pg. 16 of 17

automatic stay under § 362(a)(3).

92.    Order the return of any funds transferred in violation of the automatic stay and restore Rosenthal's mortgage loan.

93.    Grant such other relief as the Court deems just and proper.


DATED this 18th of January, 2025.


DEVLIN LAW FIRM, LLC

By:    _/s/ Christina L Henry_
Christina L Henry, WSBA #31273
6100 219th St SW, Ste 480
PMB 398
Mountlake Terrace, WA 98043-2222
chenry@devlinlawfirm.com
Tel# 206-319-0077

17

AMENDED COMPLAINT