`Schweet Linde & Rosenblum, PLLC
575 S. Michigan Street
Seattle, WA 98108
P: (206) 275-1010
F: (206) 381-0101

Honorable Judge Christopher M. Alston
Adversary Proceeding (Chapter 13)
Location: Seattle
Hearing Date: April 10, 2025
Hearing Time: 11:00 am

# IN THE U.S. BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>GARY ROSENTHAL,<br><br>　　　　　　　Debtor. | Chapter 13<br><br>Case No. 24-12397-CMA<br><br>Adv. No. 25-01010-CMA<br><br>RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND CERTIFICATE OF SERVICE THEREOF |
| GARY ROSENTHAL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NEWREZ, LLC d/b/a/ SHELLPOINT MORTGAGE SERVICES, LLC; BUDA HILL, LLC; and EASTSIDE FUNDING, LLC<br><br>　　　　　　　Defendants | |

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT - 1

Buda Hill, LLC ("**Buda Hill**"), and Eastside Funding, LLC ("**Eastside**") (collectively with Buda Hill hereinafter the "**Purchasers**") submit this Response to the Motion for Summary Judgment, *Dkt. 46*, ("**Plaintiff MSJ**") filed by Gary Rosenthal ("**Rosenthal**") seeking summary judgment in the above captioned adversary proceeding.

## I. INTRODUCTION

Purchasers were the successful bidders at a non-judicial foreclosure auction of the Property[1] conducted after Quality Loan Service Corporation ("**Quality**") complied with notice provisions of the DTA. Only after the gavel fell at the sale conducted by Quality, and Purchasers paid over $900,000.00 for the Property, did Rosenthal take any action. After delay in the above captioned main case by Rosenthal in finally confirming a Chapter 13[2] plan, and only after Purchasers obtained relief from the Automatic Stay, did Rosenthal file a complaint to try and un-ring the bell that was Quality's foreclosure sale. Unfortunately for Rosenthal, that bell cannot be unrung. As detailed in Purchaser's Motion for Summary Judgment, *Dkt. 44*, ("**Purchaser MSJ**"), Rosenthal simply waited too long to take action to address the foreclosure sale of the Property to obtain any of the relief he seeks in this adversary proceeding. The arguments in Plaintiff's MSJ are either not supported by the current state of the law, have been waived, or both. It is time for this Court to put an end to the damages foisted on Purchasers due to Rosenthal's delay in taking any action, both before the foreclosure sale and after filing his Chapter 13 bankruptcy. *See Declaration of Chunguo Wang in Support of Response to Plaitniff's Motion for Summary Jusgment*. This Court should enter an order denying the Plaintiff MSJ because the relief requested therein is not available.

---

[1] All capitalized terms shall have the meaning ascribed to them in the Motion for Summary Judgment by [Purchasers], *Dkt. 44*, unless otherwise defined herein.

[2] All chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§101-1532, unless otherwise specified.

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT - 2

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 2 of 18

## II. RESPONSE

a. <u>There Is No Material Factual Dispute as to the Underlying Claims, Including Physical Delivery of the Trustee's Deed.</u>

 *i. <u>Physical delivery applies only to when Purchasers' interest was perfected, and has no impact on when Rosenthal's interests were extinguished.</u>*

While physical delivery of the Trustee's Deed is informative as to when Purchaser obtains title to the Property, it is not informative as to when Rosenthal's interest was extinguished by the non-judicial foreclosure conducted by Quality. To answer the question of when Rosenthal's interest was terminated the statutory notices from the DTA are informative. These notices include:

- RCW 61.24.030(8)(i) (<u>emphasis added</u>):

"[T]<u>he effect of the sale of the grantor's property by the trustee will be to deprive the grantor of all their interest in the property</u> described in (a) of this subsection;"

- RCW 61.24.040(2) at paragraph VIII (<u>emphasis added</u>):

"The <u>effect of the sale will be to deprive the Grantor</u> and all those who hold by, through or under the Grantor of <u>all their interest</u> in the above-described property."

- RCW 61.24.040(4) (<u>emphasis added</u>):

"If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if you do not succeed in restraining the sale by court action, your property will be sold. <u>The effect of such sale will be to deprive you and all those who hold by, through or under you of all interest in the property;</u>"

The unambiguous language of the statutory notices, which Rosenthal has not contended he did not receive, make it clear that the effect of the sale would function to deprive Rosenthal of his interest in the Property once Quality accepted the highest bid at the foreclosure sale.

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 3

*Schweet Linde & Rosenblum, PLLC*
575 S. Michigan St.
Seattle, WA 98108
p (206) 275-1010 f (206) 381-0101

Case 25-01010-CMA   Doc 54   Filed 04/03/25   Ent. 04/03/25 16:45:47   Pg. 3 of 18

Admittedly a trustee's deed is still necessary to effectuate full transfer of the interest in the Property, but the statutory language makes clear that is a separate, two-party, transaction involving only the foreclosing trustee and the successful purchaser. As noted in *In re Nelson*, 16-44597, 2017 WL 745595 at *3 (Bankr. W.D.Wash. February 24, 2017):

> In rejecting the Court of Appeals' conclusion that the introductory clause denied a purchaser rights in the property sold at the foreclosure sale until physical delivery of the deed, the *Udall* court further held that **save for procedural irregularities** in the sale or breaches of fiduciary duty, the trustee was **compelled** to deliver the acknowledged deed to the highest bidder.

(*emphasis added*) (citing *Udall v. T.D. Escrow Svcs., Inc.*, 159 Wn.2d 903, 915, 154 P.3d 882 (2007)).

Rosenthal's position fairs no better when his authority regarding physical delivery is interrogated. For example, *Fidelity Mutal Savings Bank v. Mark*, 112 Wn.2d 47, 767 P.2d 1382 (1989) does contain references to the transfer of real property rights in Washington State, and does involve a foreclosure sale. *Id*. at 48-49. However, the foreclosure sale in *Mark* was a sheriff's execution sale, not a deed of trust foreclosure. Furthermore, the issues in that case revolved around the transfer of redemption rights, not when a grantor of a deed of trust's interest in foreclosed property is terminated. *Id.* The DTA generally, and physical delivery specifically, are not discussed in any way in *Mark*. Indeed the main failure in the transfer of redemption rights in that case was actually the lack of an acknowledgement, which is not an infirmity in the Trustee's Deed. *Id.* at 50.

Rosenthal's appeal to rules applicable under the Internal Revenue Code ("**IRC**") are irrelevant, as there is no indication the Washington Legislature intended rules regarding the submission of documents to the Internal Revenue Service to apply to delivery of a trustee's deed.

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT - 4

*Schweet Linde & Rosenblum, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 4 of 18

As noted in *Baldwin v. U.S.*, 921 F.3d 836 (9th Cir. 2019), the IRC rule is actually in *contravention* of ordinary delivery rules because it is driven by amendments to the IRC made to address vagaries of the common-law mailbox approach. *Id.* at 840. Because the IRC rule is in contravention of ordinary understandings of delivery, it is not an appropriate lens by which to understand delivery under the DTA.

Finally, Rosenthal appeals to Article 2 the Uniform Commercial Code ("**Article 2**"). This reliance is misplaced because Article 2 applies only to the sale of "goods." RCW 62A.2-102(1). Goods, for the purposes of Article 2 are "all things . . . which are moveable at the time of identification to the contract for sale . . ." RCW 62A.2-105(1). With this context, the sections of Article 2 cited in the Plaintiff MSJ make sense because, unlike the transmission of a trustee's deed, there is a need to allocate risk of loss. However, the rules of loss of risk to goods is inapplicable to delivery of an instrument. To the extent Article 2 is informative to the case at bar, RCW 62A.2-328(2) is the more informative section which provides "[a] sale by auction is complete when the auctioneer so announces by the fall of the hammer or in other customary manner." This section supports the conclusion that once Purchasers' bid was accepted by Quality the sale transaction between Quality and the Purchasers was binding. This is consistent with the holding of *Udall* that, save for the specific instances listed in RCW 31.24.050(2), a foreclosing trustee is compelled to deliver a trustee's deed to a successful purchaser after a bid has been accepted. This interpretation finds further support in the Washington Practice Series in the Plaintiff MSJ that after receiving payment a foreclosing trustee must deliver the trustee's deed. *Plaintiff MSJ* at 15 19:23.

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 5

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 5 of 18

### ii. To the extent physical delivery was necessary, the Trustee's Deed was physically delivered.

Whether the Trustee's Deed was delivered is a question of state law. *In re Fairbanks*, 2021 WL 3578937 at *3 (9th Cir. BAP 2021). Under Washington law, whether a deed is delivered focuses on the intent of the grantor, and not receipt by the grantee. "[I]t is well settled that, to constitute a valid delivery of a deed, the grantor must not only intend a delivery but part with dominion and control over the deed." *Puckett v. Puckett*, 29 Wn. 2d 15, 18, 185 P.2d 131 (1947). There may be an effective delivery of a deed without actual manual delivery and change of possession, but whether there has been a valid delivery under the circumstances depends upon the intention of the grantor."[3] Furthermore, possession of the deed carries with it a strong presumption of its lawful deliver and that presumption can be overcome only be clear and convincing evidence. *Hampton v. Gilleland*, 61 Wn.2d 537, 545, 379 P.2d 194 (1963). These rules are consistent with the general rule of delivery recited in *Mark*, the only authority cited by Rosenthal.

As is made clear in the Plaintiff MSJ and the Purchaser MSJ, the operative facts are not in dispute between Rosenthal or the Purchasers. As is conceded in the Plaintiff MSJ, Quality's agent executed the Trustee's Deed, had said signature acknowledged in front of a notary, and physically placed the Trustee's Deed in the US Mail, postage pre-paid, addressed to Purchasers. At that point in time, the Trustee's Deed was "physically" delivered, as that term is used in the DTA because Quality had parted with dominion over the Trustee's Deed with the clear intent of satisfying its statutory obligation to deliver Purchasers the Trustee's Deed.

---

[3] *Anderson v. Ruberg*, 20 Wn. 2d 103, 107, 145 P.2d 890 (1944); Mathewson v. Shields, 184 Wash. 284, 289, 50 P.2d 898 (1935) ("…the grantor may deliver a deed to a third person for the benefit of the grantee ultimately, and the delivery is good where the grantor parts with all dominion and control over the deed").

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 6

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 6 of 18

b.  Buda Hill and Eastside Obtained an Interest at the Foreclosure Sale Regardless of Whether the Trustee's Deed Was Recorded Before Rosenthal Commenced His Bankruptcy.

"The purchaser of a foreclosed property has an inchoate ownership interest in the property. This interest vests once no one has the right to redeem." *Ten Bridges, LLC v. Guandai*, 15 Wn. App. 2d 223, 231, 474 P.3d 1060 (2020). Only a person with a valid interest in the property may redeem the property. Id. **After a trustee's sale, no person shall have any right**, by statute or otherwise, **to redeem the property sold** at the trustee's sale. RCW 61.24.050(1) (*emphasis added*). Simply put, the recordation of the Trustee's Deed was not a necessary step for Purchasers to obtain an interest in the Property. This conclusion is supported by this Court's ruling on Buda Hill's motion for relief from stay in determining Purchasers had a colorable interest in the Property, a prerequisite that is required before relief from stay can be obtained.

This distinction is critical because the Plaintiff MSJ takes the untenable position that because the Trustee's Deed had not been recorded at the time Rosenthal commenced his Chapter 13 the Purchasers lacked an interest in the Property. This assertion is not supported by Washington law, which this Court is bound by in determining applicable property rights. *Butner v. U.S.*, 440 U.S. 48, 53, 99 S.Ct. 914 (1979). It is this interest held by Purchasers, that is statutorily not circumscribed by a right held by Rosenthal to redeem the Property, that leaves Rosenthal in a position where he cannot address the interest held by Purchasers through a Chapter 13 plan. *In re Sharp*, 666 B.R. 906, 917-918 (9th Cir. B.A.P. 2025).

Underpinning these conclusions is that the sale of property at foreclosure is a two-party transaction between the foreclosing trustee, utilizing the contractual grant of the power of sale granted as part of a Deed of Trust, and the successful purchaser who itself is obligated to immediately tender the amount of its successful bid. Once the Purchasers' offer to purchase the

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 7

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 7 of 18

Property at the foreclosure sale was accepted, it became binding on the Purchasers to deliver the bid amount, which it did, and imposed a further duty on Quality to deliver the Trustee's Deed upon receipt of the bid amount. *Udall v. T.D. Escrow Svcs., Inc.*, 159 Wn.2d at 916.

c. <u>Rosenthal's Interest in the Property Was Extinguished When the Trustee Accepted Buda Hill's Bid, subject only to Rosenthal's license to remain in the Property for 20 days.</u>

The acceptance of Purchasers' bid by Quality at the foreclosure sale obligated Quality to deliver a trustee's deed to Purchaser's, subject to three discrete, and inapplicable, conditions subsequent. Indeed, *In re Nelson*, 16-44597, 2017 WL 745595 at *3 (Bankr. W.D.Wash. February 24, 2017) recognizes that, absent the specific procedural basis enumerated at RCW 61.24.050(2)(a), a trustee is *compelled* to deliver a trustee's deed to the highest bidder. (*emphasis added*). This conclusion in *Nelson* was premised on the Washington Supreme Court holding in *Udall v. T.D. Escrow Svcs., Inc.*, *supra*, finding that the introductory language requiring delivery of a trustee's deed was not informative as to the rights of a successful purchaser at a foreclosure sale. *In re Nelson*, 2017 WL 745595 at *3. Based on this, the *Nelson* Court concluded:

> Thus, under Washington law, the Debtor's and the estate's rights in the Property following the sale, absent a challenge based on applicable procedural or other irregularities in the conduct of the sale itself, are at most in the nature of bare legal title together with a possessory interest, rather than full and unfettered ownership interests and rights in such Property.

*Id.*

In this case, there are no allegations of any irregularity in how Quality conducted its foreclosure sale of the Property, no one disputes the sale was not conducted prior to the commencement of Rosenthal's Chapter 13 case, nor does anyone dispute the Trustee's Deed was signed, acknowledged, and deposited into the U.S. Mail with postage pre-paid addressed to Purchasers before Rosenthal commenced his Chapter 13 case. As a result, Rosenthal's remaining

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT - 8

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 8 of 18

interest was "bare legal title together with a possessory interest" (i.e., a bare license to remain at the Property 20 days after the sale date). To hold otherwise would amount to a judicial insertion of additional bases for a grantor, who had the benefit of all protections under the DTA, including the heightened pre-sale mediation process shown in the 2012 amendments to the DTA[4], and would do untold violence to the public policy underpinning the DTA. Those policy objectives are:

> [T]he nonjudicial foreclosure process should remain **efficient and inexpensive**; the process should provide an **adequate opportunity** for interested parties **to prevent wrongful foreclosure**; and the process should **promote the stability** of land titles.

*Larson v. Snohomish Cty.*, 20 Wn. App. at 260 (*emphasis added*). To accept Rosenthal's position would violate the first and third public policy behind the DTA. While Rosenthal may assert his position is supported by the second policy objective, that misses the mark because there are no allegations Rosenthal was not given every opportunity the Washington legislature provides for prevention of wrongful foreclosure designed to provide due process to grantors that are foreclosed by the lack of remedies available after a sale has been conducted. Specifically, there are no allegations Rosenthal did not receive the notices of mediation opportunities written into the DTA in 2012 to provide enhanced borrower protections from wrongful foreclosure while still preserving the finality of a trustee's sale that is critical to a well-functioning DTA. Had the legislature wanted to provide post-sale remedies to void a sale, it could have done so.[5] That is clear from the addition of the grounds a trustee may void a foreclosure sale enshrined in RCW

---

[4] *Request for Judicial Notice in Support of Motion for Summary Judgment*, Ex B, Dkt. 49-2.
[5] Instead, the Legislature limited post-sale remedies to actual damages and expressly precluded voiding a sale: "The claim may not affect in any way the validity of finality of the foreclosure sale or a subsequent transfer of the property." RCW 61.24.127(2)(c).

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 9

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

61.24.050(2)(a). Because the legislature declined to include such basis for revoking a trustee's sale, this Court should similarly refuse to impose one by judicial construction.

d. <u>Whether the Property Became Property of the Estate Upon Filing is Immaterial.</u>

Whether the Property became property of Rosenthal's bankruptcy estate is of no moment for the issues presented in this adversary proceeding. Even if the Property did become property of the estate[6], Purchaser's have obtained relief from the Automatic Stay to record the Trustee's Deed and proceed to take possession of the Property under applicable non-bankruptcy law. *Main Case Dkt. 52*. Even if the Property became property of the estate, the grant of relief, similar to all other cases where a party is granted relief as to property of the estate, allows the property to be removed from the estate by foreclosure or, as here, the recordation of an instrument where there are no claims the execution and delivery violated the Automatic Stay.

It is this final item that makes the cases relied on by Rosenthal inapplicable. The cases cited in the Plaintiff MSJ on pages 13 through 15 all arise in the context of an allegation that an action by a party violated the Automatic Stay. It was the invalidity of an action in the chain that ultimately lead to the conclusions in those cases. As noted in *In re Lopez*, 596 B.R. 371, 374-375 (Bankr. E.D.Wash. 2019), the invalidating of an action taken in violation of the Automatic Stay does not preclude a party from promptly seeking relief from the Automatic Stay to then complete a foreclosure sale. This invitation from Judge Corbitt in *Lopez* is exactly what Purchasers did in this case. Upon being notified of Rosenthal's bankruptcy filing Purchasers took no further actions that could violate the Automatic Stay, and sought relief from this Court prior to recording the Trustee's Deed. Because there are no actions Rosenthal claims violated the Automatic Stay as to the execution and delivery of the Trustee's Deed, there are no procedural infirmities

---

[6] The prepetition trustee's sale, by statute, eliminated all of the Debtor's interest in the Property.

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 10

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

warranting setting anything aside. Further, there is no reason for this Court to prevent Purchasers from obtaining the benefit of tis bargain (the ability to record the Trustee's Deed and take possession of the Property) and to cut off the damages foisted on it by Rosenthal's delay. *See Declaration of Chunguo Wang in Support of Response to Plaintiff's Motion for Summary Judgment*.

e.  Rosenthal's Quiet Title Claim is Meritless.

> i.  *A grantor's right to pursue a quiet title action is extinguished by operation of law when the grantor fails to comply with the statutory requirements to restrain a trustee's sale.*

RCW 61.24.130 expressly bars Rosenthal's quiet title action. RCW 61.24.130 sets forth the specific steps a borrower must take to restrain a nonjudicial foreclosure sale by court order. This procedure "is the only means by which a grantor may preclude a sale once foreclosure has begun." *Plein v. Lackey*, 149 Wn.2d 214, 226, 67 P.3d 1061 (2003) (*internal citations omitted*), *see also Frizzell v. Murray*, 179 Wn.2d 301, 307, 313 P.3d 1171 (2013) (holding a grantor waives their rights to challenge a foreclosure sale by failing to seek to timely enjoin a sale under the procedure set forth in RCW 61.24.040(1)(f)(IX)). "A borrower …who does not obtain an order restraining that sale waives any claim to the validity of the sale." *Larson v. Snohomish Cty.*, 20 Wn. App.2d 243, 269, 499 P.3d 957 (2021). Accordingly, and under the express terms of RCW 61.24.130 and the Washington Supreme Court's holding in *Larson*, RCW 61.24.130 extinguishes a debtor's right to pursue a quiet title action after a nonjudicial foreclosure sale. Id. at 271. These holdings are consistent with the language required in the various notices under the

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT - 11

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 11 of 18

DTA quoted above, and, most importantly, bar the relief requested by Rosenthal to quiet title to the Property in his name[7].

      *ii.*    <u>The interest of Buda Hill and Eastside is superior to Rosenthal's claim to title.</u>

Even if this Court finds Rosenthal's failure to restrain the trustee's sale of the Property did not extinguish his right to bring a quiet title action (it does), Rosenthal cannot demonstrate he is entitled to such relief. As an initial matter, Purchasers' interest in the Property stems from the contractual grant from Rosenthal under the Deed of Trust empowering Quality to sell the Property. *Declaration of Michael M. Sperry*; Dkt 45; Ex. A at 2 ("Transfer of Rights in the Property" section). Because Purchaser's interest stemming from it successful bid at the foreclosure sale, *Ten Bridges, LLC v. Guandai*, 15 Wn. App. 2d at 231, in the Property is premised on the grant of sale, it is by definition superior to any interest Rosenthal has or had in the Property.

Rosenthal's appeal to *Scramlin v. Warner*, 69 Wn.2d 6, 416 P.2d 699 (1966) does not provide a basis for this Court to quiet title in Rosenthal's name. The question presented in *Scramlin* was two-fold: first, whether a party obtaining a quitclaim deed from one of several tenants-in-common could pass "color of title" which is a statutory pre-requisite to a quiet title action under an adverse possession theory, and second whether a parties possession of real property for 25 years after obtaining such a quit claim deed entitled them to an order quieting title in their names over the objections of tenants-in-common of the subject property under the theory of adverse possession. *See generally Id. Scramlin* is not informative as to whether the interest of a party who acquires an interest in property under a trustee's sale pursuant to a sale

---

[7] It should be noted that no proposed form of order was filed with the Plaintiff MSJ. It is unclear, but appears from the lack of the inclusion of Quality as a party in this adversary, that Rosenthal's position is that title to the Property should be quieted in his name while also enjoying the benefit of the Deed of Trust being eliminated through Quality's foreclosure sale.

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 12

*Schweet Linde & Rosenblum, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 12 of 18

conducted under the DTA can be quieted back in the grantor's name because it addresses questions related to adverse possession. Rosenthal has not please adverse possession in its claim for quiet title, and for good reason. He has not maintained open and notorious possession of the Property for more than 7 years since Purchasers acquired its interest in the Property. RCW 7.28.070 requires open and notorious possession for "seven successive years." Because there is no basis under a theory of adverse possession, *Scramlin* cannot provide a basis for Rosenthal to obtain an order quieting title to the Property in his name.

Rosenthal presents no other authority to substantiate its cause of action to quiet title in its name. As a result, this Court cannot grant summary judgment on that cause of action.

f. <u>Buda Hill and Eastside Have a Superior Interest to a Hypothetical Bona Fide Purchaser of the Property (§544(1)(3).</u>

The trustee has, as of commencement of the case, the rights of certain hypothetical parties, including that of a bona fide purchaser of real property. § 544(a)(3). State law determines whether a party is a bona fide purchaser. *In re Professional Inv. Props. of America*, 955 F.2d 623, 627 (9th Cir. 1992). Notably, "[a] trustee does not become a hypothetical bona fide purchaser if she has been put on constructive or inquiry notice." *Id*. In Washington, a bona fide purchaser is defined as "one who without notice of another's claim of right to, or equity in, the property prior to his acquisition of title, has paid the vendor a valuable consideration." *Miebach v. Colasurdo*, 102 Wn.2d 170, 175, 685 P.2d 1074 (1984).

Rosenthal's assertion the lack of recordation of the Trustee's Deed somehow means the BFP status granted to a bankruptcy trustee under §544(a)(3) misses the mark because it is not the Trustee's Deed that would give a hypothetical BFP notice of the peril of Rosenthal's interest in the Property. Rather it is the Deed of Trust and the Notice of Trustee's Sale, both of which

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 13

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA   Doc 54   Filed 04/03/25   Ent. 04/03/25 16:45:47   Pg. 13 of 18

Rosenthal concedes were properly recorded prior to the conduct of the sale, are the public records that would put a BFP on notice that (i) any interest derived from Rosenthal's interest in the Property were circumscribed by the rights and privileges Rosenthal gave in the Deed of Trust (such as the power to sell the Property); and (ii) that a foreclosure sale was set for a date certain where Rosenthal's interest could be extinguished. It is these documents, not the Trustee's Deed, that Purchasers assert defeat a hypothetical BFP.

Rosenthal's focus on the distinction between voluntary and involuntary in the petition serving as notice to defeat the BFP status under §544(a)(3) appears built on the misunderstanding of what Purchasers assert would put a hypothetical purchaser on inquiry notice. This misunderstanding is exemplified by the Plaintiff MSJ's reliance on *In re Wohlfeil*, 322 B.R. 302 (Bankr. E.D.Mich. 2005). In *Wohlfeil* a Chapter 7 Trustee sought to avoid an unrecorded pre-petition mortgage. *Id.* at 303. Unsurprisingly, the trustee prevailed because the pre-petition unrecorded mortgage did not provide sufficient notice to put a hypothetical BFP on notice of its existence. *Id.* at 306. However, there is no dispute that both the Deed of Trust or the Notice of Trustee's Sale were recorded prior to the commencement of Rosenthal's bankruptcy. Any BFP under Washington law, including the hypothetical BFP under §544(a)(3), would still be bound by the terms of those recorded documents, including Quality's contractual power of sale enshrined in the Deed of Trust. Further, the Notice of Trustee's Sale would have put a BFP on notice there was a foreclosure sale scheduled *before* Rosenthal commenced his Chapter 13 putting the onus on a BFP to investigate the outcome of that process. Because the Deed of Trust grants the power of sale Quality utilized in non-judicially foreclosing the Property, and there was public notice of a foreclosure sale before the commencement of Rosenthal's Chapter 13 (which is the point in time the BFP status is analyzed under §544(a)(3)) any deeds issued pursuant to the

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 14

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 14 of 18

power of sale in the Deed of Trust at the sale noticed in the Notice of Trustee's Sael that did not violate the Automatic Stay, such as the Trustee's Deed, cannot be avoided by a BFP.

g. <u>Because Rosenthal Cannot Unwind the Trustee's Sale a Permanent Injunction is Inappropriate.</u>

A prerequisite to a permanent injunction is that a party actually prevail on the underlying action warranting a permanent injunction. *Independent Training and Apprenticeship Program v. Calif. Dept. of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013). Furthermore, a party can only obtain a permanent injunction if the balance of hardships equitably warrant such relief, and public interest is served by the imposition of the permanent injunction. *Id.*

As to the first issue, actual success on the merits, as described above Rosenthal cannot prevail on his causes of action to unwind the sale or the Property conducted by Quality.

More to the point, the balance of hardships do not warrant the imposition of a permanent injunction because of the harm visited on Purchasers as a result of Rosenthal's actions to try and unwind a trustee's sale. *See Declaration of Chunguo Wang in Support of Response to Plaintiff's Motion for Summary Judgment*. Finally, the public interest is not served by the imposition of a permanent injunction. As detailed above, the public interest under the DTA includes preventing costly and time-consuming litigation after a sale and to promote stable land titles. The entry of a permanent injunction would not only not further those goals, but would actively do violence to those stated policy goals of the Washington State Legislature.

h. <u>Leave to Amend the Complaint is Futile and Prejudicial to Purchasers.</u>

Rosenthal has abandoned his causes of action under §§547 and 548. Those causes of action are, therefore, appropriately dismissed with prejudice. As detailed above, Rosenthal's remaining causes of action against Purchasers are either unfounded in law and fact or do not

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 15

*Schweet Linde & Rosenblum, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 15 of 18

result in a determination that Purchasers do not have an interest in the Property to which they are entitled to perfect through the recordation of the Trustee's Deed previously authorized by this Court in the main case.

Debtor has had six months to present a cogent and viable cause of action to unwind the trustee's sale of the Property that occurred pre-petition. During the pendency of the case Buda Hill has had to service the loan it obtained from Eastside to facilitate its purchase of the Property. That loan has now matured, and Purchasers still do not have title or possession of the Property. Purchasers would continue to be prejudiced, *See Declaration of Chunguo Wang in Support of Response to Plaintiff's Motion for Summary Judgment*, by allowing Rosenthal the ability to go back to the drawing board to gin up a new theory of why an otherwise perfect trustee's sale should be unwound, drafting and filing an amended complaint under this to be determined new theory, and wait for a response from Purchasers (as well as any other party that is necessary to join to this proceeding), and restarting this matter.

There is no justification for Rosenthal, after already having amended his complaint, to now seek to further amend his complaint because the causes of action he plead in his already amended complaint fail as a matter of law.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 16

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 16 of 18

## III. CONCLUSION

For the foregoing reasons Purchasers respectfully request this Court enter an order denying the Plaintiff MSJ, and dismissing all claims in the Plaintiff MSJ against Purchasers with prejudice.

DATED: April 3, 2025

**SCHWEET LINDE & ROSENBLUM, PLLC**

*/s/ Michael M. Sperry*
John A. McIntosh, WSBA #43113
Michael M. Sperry, WSBA #43760
Attorneys for Buda Hill, LLC and Eastside Funding, LLC

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 17

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 17 of 18

# CERTIFICATE OF SERVICE

I, Michael M. Sperry, hereby certify that, on the date below, a true and correct copy of the foregoing document will be delivered to the following by the Court's CM/ECF system:

Christina L Henry on behalf of Plaintiff Gary Rosenthal
chenry@devlinlawfirm.com, HenryDeGraaffPS@jubileebk.net,dlflitparas@devlinlawfirm.com

Gregor A Hensrude on behalf of Defendant NewRez LLC
ghensrude@klinedinstlaw.com, mroberts@klinedinstlaw.com

Warren Lance on behalf of Defendant NewRez LLC
wlance@mccarthyholthus.com

Signed at Seattle, Washington on April 3, 2025.

    */s/ Michael M. Sperry*
    Michael M. Sperry

RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 18

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 25-01010-CMA    Doc 54    Filed 04/03/25    Ent. 04/03/25 16:45:47    Pg. 18 of 18