UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>Gary Rosenthal<br><br>Debtor. | Case No. 24-12397 - CMA<br><br>Adv. No. 25-01010-CMA<br><br>WAW internal appeal No. 25-S005<br><br>Chapter 13 |
| Gary Rosenthal,<br><br>*Plaintiff,*<br><br>v.<br><br>NewRez, LLC, d/b/a Shellpoint Mortgage Services, LLC, Buda Hill, LLC, and Eastside Funding, LLC,<br><br>*Defendants.* | DEBTOR'S MOTION FOR STAY PENDING APPEAL |

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
Tel.: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 1 of 17

# TABLE OF CONTENTS

I. Introduction ................................................................................................................. 1

II. SUMMARY OF THE ARGUMENT ..................................................................... 1

III. Factual and Procedural Background .................................................................... 2

IV. Legal Standards Governing Stay Pending Appeal ............................................... 2

    A. The *Nken* Four-Factor Test .......................................................................... 2

    B. The Ninth Circuit's Sliding-Scale Refinement ............................................. 2

V. ARGUMENT ............................................................................................................ 3

    A. Mr. Rosenthal's Appeal Raises Serious Legal Questions of First Impression ..................................................................................................... 3

        1. Ordinary Meaning Analysis. ................................................................. 3

        2. Legislative Context .............................................................................. 4

        3. Post-Amendment Case Law ................................................................. 4

        4. Section 544(a)(3): the Trustee as Hypothetical Bona-Fide Purchaser ............................................................................................... 5

        5. A Recorded NOTS Does Not Impart Constructive Notice ................... 8

    B. Irreparable Harm Is Undisputed .................................................................... 9

    C. The Balance of Equities Strongly Favors a Stay ........................................ 10

    D. A Stay Serves the Public Interest ................................................................ 10

    E. Bond Requirement: the Existing $43,000 Security Is More than Adequate ...................................................................................................... 11

VI. Conclusion ............................................................................................................. 12

i

DEBTOR'S MOTION FOR STAY               DEVLIN LAW FIRM LLC
PENDING APPEAL                                          1526 GILPIN AVENUE
                                                                            WILMINGTON, DE 19806
                                                                            TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 2 of 17

# TABLE OF AUTHORITIES

**CASES**

*ACC Bondholder Grp. v. Adelphia Commc'ns. Corp. (In re Adelphia Commc'ns. Corp.* 361 B.R. 337 (S.D.N.Y. 2007)..................................................................................................9

*Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020) ...................................................................3

*Albice v. Premier Mortg. Servs.*, 174 Wn.2d 560 (2012) .......................................................4, 7

*Biles-Coleman Lumber Co. v. Lesamiz*, 49 Wn.2d 436, 302 P.2d 198 (1956) ..........................7

*Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 F. App'x 503 (7th Cir. 2019)..............................9

*Glaser v. Holdorf*, 56 Wn.2d 204 (1960)...................................................................................5

*Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112 (9th Cir. 2008)....11

*Hamazaspyan v. Holder,* 590 F.3d 744 (9th Cir. 2009) ..............................................................4

*Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017)...............................................................10

*In re Betchan*, 524 B.R. 830 (Bankr. E.D. Wash. 2015) ...........................................................5

*In re Cohen*, 305 B.R. 886 (B.A.P. 9th Cir. 2004) .................................................................1, 8

*In re Fairbanks*, 2021 Bankr. LEXIS 169 (Bankr. W.D. Wash. 2021) .....................................5

*In re Mense,* 509 B.R. 269 (Bankr. C.D. Cal. 2014)..................................................................9

*In re Nelson*, 2017 Bankr. LEXIS 529 (Bankr. W.D. Wash. 2017) .......................................4, 5

*In re Porrett*, 564 B.R. 57 (D. Idaho 2016) ...............................................................................9

*In re Prof'l Inv. Props.*, 955 F.2d 623 (9th Cir. 1992)............................................................6, 8

*In re Revel AC, Inc.,* 802 F.3d 558 (3d Cir. 2015)........................................................9, 10, 12

*In re Riel*, 2020 Bankr. LEXIS 183 (Bankr. E.D. Wash. 2020) ...................................5, 6, 7, 8

*In re Seaway Exp. Corp.*, 105 B.R. 28 (B.A.P. 9th Cir. 1989) ..................................................6

*Klem v. Wash. Mut. Bank,* 176 Wn.2d 771 (2013)....................................................................4

*Leiva-Perez v. Holder,* 640 F.3d 962 (9th Cir. 2011).......................................................3, 4, 10

*McCannon v. Marston*, 679 F.2d 13 (3d Cir. 1982) ..................................................................6

*Miebach v. Colasurdo*, 102 Wn.2d 170 (1984) .........................................................................7

*Nken v. Holder,* 556 U.S. 418 (2009) ....................................................................................2, 4

ii

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 3 of 17

*Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794 (7th Cir. 1986) ............ 11, 12

*OneWest Bank v. Erickson*, 185 Wn.2d 43 (2016) .............................................................. 6, 7

*Park Village Apt. Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150 (9th Cir. 2011) ... 9

*Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979) ................................................................................................................................. 11, 12

*Selene RMOF II REO Acquisitions II, LLC v. Ward*, 189 Wn.2d 72, 399 P.3d 1118 (2017) ....... 5

*Udall v. T.D. Escrow Servs., Inc.,* 159 Wn.2d 903, 154 P.3d 882 (2007) .................................. 5

**STATUTES**

11 U.S.C. § 522(h) ..................................................................................................................... 1

11 U.S.C. § 544(a)(3) ....................................................................................................... passim

RCW 21.30.010 ........................................................................................................................ 4

RCW 46.70.180 ........................................................................................................................ 3

RCW 61.24 ................................................................................................................................ 1

RCW 61.24.040 ........................................................................................................................ 4

RCW 61.24.050 ........................................................................................................... 1, 3, 4, 10

RCW 65.08.060 ........................................................................................................................ 7

RCW 65.08.070 ............................................................................................................... 1, 5, 6

**OTHER AUTHORITIES**

Black's Law Dictionary 567 (11th ed. 2019) ............................................................................. 3

**RULES**

Fed. R. Bankr. P. 8007 ............................................................................................................ 11

**REGULATIONS**

WAC 284-30-580(2) .................................................................................................................. 3

iii

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 4 of 17

## I. INTRODUCTION

Debtor Gary Rosenthal moves for a stay pending appeal of this Court's April 18, 2025 order granting summary judgment to Defendants Buda Hill, LLC, Eastside Funding, LLC and NewRez, LLC. He asks the Court to suspend enforcement, including recording the trustee's deed or pursuing eviction, until the appeal is resolved. Absent a stay, Mr. Rosenthal will irretrievably lose his longtime home and more than $400,000 in equity. This timely motion satisfies Federal Rule of Bankruptcy Procedure 8007 and the four-factor test recognized in *Nken v. Holder*, 556 U.S. 418 (2009).

Because the trustee's deed was not physically delivered before the petition date, no conveyance occurred under RCW 61.24.050(1); the property remained in Mr. Rosenthal's bankruptcy estate under 11 U.S.C. § 541, making the foreclosure sale void. Even if, arguendo, the trustee's deed had been delivered pre-petition but not yet recorded, the purchaser's interest would still be unperfected under Washington's race-notice statute, RCW 65.08.070. In that scenario, the Chapter 13 trustee—and, through derivative standing, the debtor under 11 U.S.C. § 522(h),[1] may invoke 11 U.S.C. § 544(a)(3) to avoid the unrecorded transfer as a hypothetical bona fide purchaser ) without notice. *In re Cohen*, 305 B.R. 886, 898-99 (B.A.P. 9th Cir. 2004). Thus, if no conveyance occurred, the plaintiff needs only a declaratory judgment voiding the sale and quieting title. If a conveyance occurred but remained unperfected, § 544(a)(3) still permits avoidance on behalf of the estate.

Mr. Rosenthal's appeal raises a serious legal question of first impression under Washington's Deed of Trust Act ("DTA") RCW 61.24 *et seq*. — whether merely mailing a trustee's deed constitutes the "physical delivery" required by RCW 61.24.050(1). The Court's summary judgment ruling conflicts with the statute's text, legislative history, and relevant case law. Because the balance of equities and the public interest favors preserving the status quo for effective appellate review, a stay is warranted.

## II. SUMMARY OF THE ARGUMENT

This appeal presents a first-impression question: does "physical delivery" in RCW 61.24.050(1) require actual hand-to-hand transfer or can it be met by dropping a trustee's deed

---

[1] Dkt. No. 90, Gary Rosenthal, Bk No. 24-12397, Order Authorizing Nunc Pro Tunc Employment as Special Counsel to Litigate Estate Claims and for Potential Appeal ("Derivative Standing Order").

1

| DEBTOR'S MOTION FOR STAY PENDING APPEAL | DEVLIN LAW FIRM LLC<br>1526 GILPIN AVENUE<br>WILMINGTON, DE 19806<br>TEL: (302) 449-9010 |
|---|---|

in the mail? A stay prevents irrevocable loss of Mr. Rosenthal's home and $400 k equity, imposes only a short delay on professional investors fully secured by that equity, and aligns with legislative and congressional policies against unperfected transfers.

### III. FACTUAL AND PROCEDURAL BACKGROUND

Gary Rosenthal has lived in his property, the subject of this dispute, for over 15 years. *See* Declaration of Gary Rosenthal ("Rosenthal Decl.") ¶ 1. COVID-19 derailed his marine-science career and, after his mother's death in 2023, he fell behind on payments. Unaware of his options, he sought counsel only after learning post-sale from his sister that the foreclosure had completed. Rosenthal Decl. ¶ 2, 6–9.

Mr. Rosenthal has secured a potential reverse mortgage, pending resolution of this lawsuit, which will retire all mortgage claims on the property if he retains title. *Id.* ¶ 10 & Ex A. An independent appraisal values the property at $1.35 million—more than $400,000 above the $915,100 auction bid. *Id.* Decl. of Eduardo C. Montero ("Appraiser's Decl.") ¶ 3-4 & Ex. 3.

A non-judicial foreclosure auction occurred on September 20, 2024, with Buda Hill, LLC and Eastside Funding, LLC submitting the winning bid of $915,100. *See* Dkt. No. 48 ("McDonald Decl.") ¶ 5, Appraiser's Decl. ¶ 3-4 & Ex. 3. Four days later, on September 24, 2024, at 1:51 pm, the foreclosure trustee executed and placed the trustee's deed in the U.S. mail. On the same day, an hour later, at 2:56 pm, before the trustee's deed was physically delivered or recorded, Mr. Rosenthal filed for Chapter 13 bankruptcy. *See* attached Exhibit 1, (Notice of Bankruptcy Case Filing); McDonald Decl. ¶ 6-8 & Ex B and C; Eastside Funding received the Trustee's Deed on September 25, 2024. Dkt. No. 38 (Tang Decl. ¶ 5). These undisputed facts frame the legal question whether a stay is warranted under the four-factor test that follows.

### IV. LEGAL STANDARDS GOVERNING STAY PENDING APPEAL

#### A. The *Nken* Four-Factor Test

The legal standard for granting a stay pending appeal is governed by a four-factor equitable test in *Nken v. Holder,* 556 U.S. 418 (2009), which considers: (1) whether the applicant has made a strong showing that they are likely to succeed on the merits; (2) whether the applicant will suffer irreparable harm in the absence of a stay; (3) whether the issuance of a stay will substantially injure other parties; and (4) where the public interest lies.

#### B. The Ninth Circuit's Sliding-Scale Refinement

The Ninth Circuit employs a "sliding scale" approach to these factors, using a "general

2

balancing" or "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder,* 640 F.3d 962, 964 (9th Cir. 2011). A stay may issue even where the movant shows only a "serious legal question" rather than a strong likelihood of success, provided that: irreparable harm is probable; and "the balance of hardships tips sharply in the movant's favor." *Id.* at 965–68, 970–71.

This serious question plus hardship variant is routinely applied by Ninth Circuit panels—particularly on motions to stay pending appeal—when the case presents unsettled legal issues and the movant faces imminent, non-compensable losses, such as the forced sale of a home. *See, e.g., Leiva-Perez,* 640 F.3d at 965-68; *Al Otro Lado v. Wolf,* 952 F.3d 999, 1007 (9th Cir. 2020).

In short, a stay is appropriate under the Ninth Circuit's sliding-scale approach when (i) irreparable harm is likely; (ii) the appeal raises serious legal questions; (iii) the equities tip sharply toward the movant; and (iv) the remaining factors do not strongly militate against relief.

## V. ARGUMENT

### A. Mr. Rosenthal's Appeal Raises Serious Legal Questions of First Impression

This Court's ruling hinges on a critical question of statutory interpretation that has not been squarely addressed in any reported Washington or Ninth Circuit decision. The issue—does merely mailing a trustee's deed satisfy the "physical delivery" requirement in RCW 61.24.050(1), or is actual hand-to-hand transfer required? Because the answer controls when title passes—and whether the deed was property of the estate on the petition date—the appeal presents a textbook "serious legal question."

#### 1. Ordinary Meaning Analysis.

"Physical delivery" in RCW 61.24.050(1) requires an actual, tangible transfer of a trustee's deed to the purchaser. *Physical* means "pertaining to real, tangible objects" or "conveyed by direct bodily contact," and *delivery* is "the formal act of transferring something" or "yielding possession or control of property." *See* Black's Law Dictionary 567, 1452 (11th ed. 2019). Read together, the phrase evokes a hand-to-hand conveyance completed only when the grantee (or the grantee's authorized agent) can touch or control the trustee's deed. Washington statutes use the term in precisely that sense: WAC 284-30-580(2) requires actual physical delivery of insurance policies; RCW 46.70.180(12)(c) empowers auto dealers to

3

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Case 25-01010-CMA   Doc 82   Filed 04/27/25   Ent. 04/27/25 15:36:40   Pg. 7 of 17

arrange physical delivery of license plates; and RCW 21.30.010(10) defines certain commodity contracts by whether physical delivery of the goods occurs. Mailing a trustee's deed without a confirmed receipt therefore falls short of the statute's plain text.

### 2. Legislative Context

The 2012 Legislature highlighted the distinction: the same act that inserted "physical" to the first sentence of RCW 61.24.050(1) simultaneously enacted an 11-day "void-sale" procedure, RCW 61.24.050(2)–(5), which repeatedly instructs the trustee to "mail" a rescission notice, and it left untouched the long-standing directive that sale notices be "mailed" under RCW 61.24.040(1). *See* Engrossed Substitute H.B. 2614, § 14, 62d Leg., Reg. Sess. (Wash. 2012). When different terms appear in the same statute, courts presume they carry different meanings. *See Nken*, 556 U.S. at 430. Treating "physical delivery" as equivalent to mailing would nullify that 2012 amendment and violate the canon that every statutory word must be given effect. *Hamazaspyan v. Holder,* 590 F.3d 744, 749 (9th Cir. 2009).

### 3. Post-Amendment Case Law

Post-amendment case law confirms the point. In *In re Nelson*, 2017 Bankr. LEXIS 529, at *5 (Bankr. W.D. Wash. 2017), the court observed that the 2012 amendments vested the trustee with discretion over the *timing and method* of delivery, demonstrating that "physical delivery" is a deliberative act that must occur before title transfers. Courts routinely grant stays where appeals raise serious, unsettled statutory questions. *See Hamazaspyan,* 590 F.3d at 749.

The bankruptcy court's conclusion—that merely placing the trustee's deed in the mail satisfies the "physical delivery" required by RCW 61.24.050(1)—substitutes a constructive-receipt theory for the statute's plain text. That ruling controls whether legal title ever left the estate before the petition date and, in turn, whether the Chapter 13 trustee may avoid the transfer under 11 U.S.C. § 544(a)(3). Yet since the Legislature inserted the phrase **"physical delivery"** in 2012, neither the Washington appellate courts nor the Ninth Circuit has construed it. This unanswered question of statutory interpretation is precisely the kind of "serious legal question" that justifies a stay pending appeal. *See Leiva-Perez,* 640 F.3d at 965-68.

This case does not involve trustee misconduct; rather, the procedural irregularity arose when Mr. Rosenthal's bankruptcy filing interrupted the foreclosure process before the statutory condition of physical delivery occurred. Washington demands strict compliance with the DTA. *See Klem v. Wash. Mut. Bank,* 176 Wn.2d 771, 789 (2013); *Albice v. Premier Mortg. Servs.*,

4

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 8 of 17

174 Wn.2d 560, 570–71 (2012). Because Rosenthal's bankruptcy filing interrupted the foreclosure process after the auction but before physical delivery occurred, the trustee lacked authority to transfer title, and the property remained estate property under 11 U.S.C. § 541. *See In re Fairbanks*, 2021 Bankr. LEXIS 169, at *9–10 (Bankr. W.D. Wash. 2021); *In re Nelson*, 2017 Bankr. LEXIS 529, at *4–5 (both applying *Klem* and *Albice* to require actual physical delivery). *See also Udall v. T.D. Escrow Servs., Inc.,* 159 Wn.2d 903, 911, 154 P.3d 882, 887 (2007) (listing bankruptcy as an example of a procedural irregularity that voids a nonjudicial foreclosure sale).

Washington appellate decisions—and the post-amendment bankruptcy cases construing them—reinforce why "physical delivery" cannot be treated as mere mailing. Although the bankruptcy court attempted to sidestep both *Selene RMOF II REO Acquisitions II, LLC v. Ward*, 189 Wn.2d 72, 399 P.3d 1118 (2017) and *In re Betchan*, 524 B.R. 830, 832 (Bankr. E.D. Wash. 2015), those decisions remain instructive. The court dismissed *Ward* on the ground that it addressed deed acknowledgment under RCW 64.04.020, yet *Ward* still holds that a conveyance is ineffective until a deed is both acknowledged *and* delivered. *Ward*, 189 Wn.2d at 81. *Betchan*, applying the 2012 amendments, likewise held that an auction alone does not divest a debtor of title; ownership passes only upon the later physical delivery of the trustee's deed. *Betchan*, 524 B.R. at *7–8. Together, these authorities show that Mr. Rosenthal's position rests on long-standing Washington real-property doctrine, not on any bankruptcy-specific construct.

### 4. Section 544(a)(3): the Trustee as Hypothetical Bona-Fide Purchaser

Resolving the "physical delivery" question directly affects whether the estate retains an avoidable interest in the property under 11 U.S.C. § 544(a)(3), which grants the Chapter 13 trustee (and, here, the Debtor through derivative standing), the rights of a bona fide purchaser of real property as of the petition date.

Under Washington law, a bona fide purchaser (BFP) is one who purchases real property for value, in good faith, and without actual or constructive notice of another's unrecorded interest. *See Glaser v. Holdorf*, 56 Wn.2d 204, 209 (1960). Constructive notice arises only from properly recorded documents in the chain of title that clearly affect ownership. RCW 65.08.070. The trustee's rights under § 544(a)(3) incorporate this standard, allowing avoidance of interests that are unperfected or not properly recorded.

Section 544(a)(3) creates a statutory legal fiction: it asks what a hypothetical BFP

5

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 9 of 17

would discover from the public record alone, *regardless* of actual knowledge. *See In re Riel*, 2020 Bankr. LEXIS 183, at *8 (Bankr. E.D. Wash. 2020); *In re Seaway Exp. Corp.*, 105 B.R. 28, 31 (B.A.P. 9th Cir. 1989). Even under Washington's BFP standard, inquiry notice arises only when the record discloses facts that clearly suggest an existing adverse claim. *In re Prof'l Inv. Props.*, 955 F.2d 623, 627 (9th Cir. 1992) (a trustee cannot qualify as a hypothetical bona fide purchaser under § 544(a)(3) if constructive or inquiry notice exists; citing with approval *McCannon v. Marston*, 679 F.2d 13, 16–17 (3d Cir. 1982), which explained that trustee's status depends not on actual knowledge but on whether applicable law would permit perfection of the transfer). A recorded Notice of Trustee's Sale ("NOTS") merely announces a possible future action; it does not transfer or encumber title and therefore does not defeat BFP status under Washington law or § 544(a)(3).

Constructive notice sufficient to defeat a BFP arises only from a properly acknowledged and recorded conveyance. *See* RCW 65.08.070; *OneWest Bank v. Erickson*, 185 Wn.2d 43, 53 n.9 (2016). Although a NOTS was recorded before the petition date, it is not a conveyance and does not perfect title or impart constructive notice under § 544(a)(3). *See also Seaway Exp.*, 105 B.R. at 31 (constructive notice for § 544(a)(3) turns on proper recording of a state-law interest). Because the trustee's deed was not physically delivered before the bankruptcy petition, the purchaser's interest remained unperfected and avoidable.

As explained supra § A.2 ("Legislative Context"), the 2012 amendments deliberately require "physical delivery" of the deed while allowing all notices—including the new 11-day void-sale notice—to be "mailed." Preserving that statutory design during appeal therefore serves the public interest. Congress likewise protects the public from unperfected transfers through 11 U.S.C. § 544(a)(3), which lets the trustee (or the Debtor acting derivatively) avoid such transfers for the benefit of creditors.

*In re Riel c*onfirms that unrecorded or merely procedural documents do not defeat a trustee's strong-arm powers. In *Riel* the debtor executed—but never recorded—a quit-claim deed; the grantees filed a state-court action but recorded no conveyance or lis pendens. Judge Whitman L. Holt ruled that a Chapter 7 trustee could avoid the unrecorded interest because a hypothetical bona-fide purchaser would see nothing in the chain of title" *Riel*, 2020 Bankr. LEXIS 183 at *12–14. Notices are insufficient to impart actual or constructive notice of a completed transfer or perfected title, particularly where, as here, delivery of the trustee's deed

6

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 10 of 17

remains disputed. *See Id.* at *13 (following *OneWest Bank* and declining to impute notice from documents outside the chain of title). Because the trustee's deed was not physically delivered or recorded before the petition date, the purchaser's interest was unperfected, and the Chapter 13 trustee, standing as a hypothetical BFP under § 544(a)(3), may avoid that interest on behalf of the estate.

The bankruptcy court misapprehends § 544(a)(3) by suggesting that a pre-petition Notice of Trustee's Sale (NOTS) puts the trustee on inquiry notice. Washington imposes no duty to inquire unless the recorded document clearly signals an existing adverse claim. *See Miebach v. Colasurdo*, 102 Wn.2d 170, 175–76 (1984) (forged deed plus obvious red flags); *Albice*, 174 Wn.2d 576–77 (irregularity apparent on the face of sale chronology). A NOTS merely announces a potential future action; although it references the underlying deed of trust, it conveys no new interest and perfects none. Inquiry notice therefore does not arise because the only perfected lien is the deed of trust already of record, not the uncompleted foreclosure. *See Biles-Coleman Lumber Co. v. Lesamiz*, 49 Wn.2d 436, 439, 302 P.2d 198 (1956) (holding that inquiry notice arises only when recorded facts clearly suggest an adverse claim). Section 544(a)(3) asks whether a hypothetical bona-fide purchaser, relied solely on the public record, would take subject to a perfected interest. 11 U.S.C. § 544(a)(3). Because a NOTS is neither a conveyance nor a perfected interest, it cannot defeat the trustee's strong-arm powers, especially where the trustee's deed was never physically delivered or recorded. *See Riel,* 2020 Bankr. LEXIS 183, at *13.

Counterarguments concerning the notice effect of a NOTS fail under federal bankruptcy law. While some may argue that a recorded NOTS conveys sufficient information to excite inquiry and thus imputes constructive notice under Washington law, this interpretation breaks down under federal bankruptcy standards.

First, a NOTS is not a conveyance under RCW 65.08.060—it does not create, transfer, or encumber property, and it is not the kind of instrument that § 544(a)(3) contemplates for purposes of determining perfection and record notice. RCW 65.08.060(3) limits constructive notice to recorded conveyances; a NOTS is merely procedural and revocable. As the Washington Supreme Court emphasized in *OneWest Bank*, 185 Wn.2d at 60–61, courts do not expand constructive notice beyond the legislature's express commands. The lis pendens statute (RCW 4.28.320) reflects that the legislature knows how to confer statutory notice; it

7

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 11 of 17

has never done so for a NOTS. *See also Albice,* 174 Wn.2d at 573-74.

Second, while decisions such as *Albice* and *OneWest Bank* treat the NOTS as part of the statutory foreclosure process, neither holds that a NOTS imparts constructive notice to defeat bona fide purchaser status. See *OneWest Bank,* 185 Wn.2d at 53 n.9. Indeed, *OneWest Bank* distinguishes documents that are merely in the court file from those in the chain of title, but it does not suggest that a NOTS itself constitutes notice of an encumbrance.

Third, the *Riel* court expressly found that even a pending lawsuit did not put a hypothetical purchaser on notice absent a recorded lis pendens. The same logic applies here: the NOTS is not an interest in property—it is a procedural notice, not a perfected lien. In *Riel,* the bankruptcy court held that a claimant's unrecorded ownership interest was avoidable under § 544(a)(3), even though related litigation was publicly docketed. Because no conveyance or lis pendens appeared in the chain of title, a hypothetical BFP would take free. A NOTS, which merely announces a potential sale, provides even less notice than the litigation docket in Riel.

Finally, the trustee's hypothetical BFP status is assessed as of the petition date. The presence of a recorded NOTS that merely suggests a potential sale does not establish a clear, perfected, and recorded interest. To hold otherwise would subvert the purpose of § 544(a)(3) and reward incomplete perfection of liens. Because a recorded Notice of Trustee's Sale is neither a conveyance nor a statutorily recognized notice that binds third parties, it does not impart constructive or inquiry notice of the Bank's unrecorded deed of trust. Under § 544(a)(3), the trustee, standing as a hypothetical bona fide purchaser, may therefore avoid that lien. Accordingly, the suggestion that a NOTS defeats strong-arm powers must be rejected.

**5.     A Recorded NOTS Does Not Impart Constructive Notice**

*Prof'l Inv. Props.* applied Washington's inquiry notice rule only within the state-law BFP framework; it did not hold that every procedural filing defeats § 544(a)(3). Its aside that a bona-fide purchaser would have "called the trustee" after seeing an involuntary-petition record is dicta that clashes with § 544(a)(3)'s record-only fiction. *See id.* at 627.

More fundamentally, the court's suggestion that § 544(a)(3) should be withheld to punish debtors for "sleeping on their rights" ignores who actually owns the strong-arm power. That power belongs to the trustee; a Chapter 13 debtor may wield it only in a representative capacity for the estate. *See In re Cohen*, 305 B.R. 886, 898–99 (B.A.P. 9th Cir. 2004). The

8

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 12 of 17

trustee's mandate is to maximize estate value by avoiding unperfected transfers, and that mandate is unaffected by any lapse in the debtor's pre-petition diligence. Accepting the bankruptcy court's expansive reading that mere mailing satisfies "physical delivery" would undercut that federal policy, foreclose legitimate avoidance claims, and encourage last-minute conveyances timed to sidestep estate rights. Given these systemic stakes, and the absence of controlling authority on what "physical delivery" requires this first-impression question is precisely the kind that merits a stay pending appeal.

### B.     Irreparable Harm Is Undisputed

The threat here is two-fold and plainly irreparable. First, if the trustee's deed is recorded and eviction proceeds, Mr. Rosenthal will lose the home where he has lived —and cared for family—for over fifteen years. Courts treat the forced loss of a primary residence as irreparable harm beyond the reach of monetary damages. *See Park Village Apt. Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150, 1159–60 (9th Cir. 2011); *In re Mense,* 509 B.R. 269, 277 (Bankr. C.D. Cal. 2014); *Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 F. App'x 503, 504–05 (7th Cir. 2019). *See* also *In re Revel AC, Inc.,* 802 F.3d 558, 571-72 (3d Cir. 2015) (irreparable harm satisfied where denying a stay would "effectively moot" the appeal under § 363(m) and destroy the movant's possessory rights and business).

Secondly, independent harm is mootness: if the trustee's deed records or eviction occurs, any appellate reversal would be meaningless. Once the title passes and possession changes hands, the estate's § 544(a)(3) strong-arm power and roughly $400,000 in surplus equity will be gone for good. Courts regard that kind of appellate mootness as an independent form of irreparable harm. *ACC Bondholder Grp. v. Adelphia Commc'ns. Corp. (In re Adelphia Commc'ns. Corp.* 361 B.R. 337, 347-49 (S.D.N.Y. 2007). The same principle guided *In re Porrett,* 564 B.R. 57, 60 (D. Idaho 2016), where the court stayed distribution of settlement proceeds because once the funds left the estate they would be virtually unrecoverable. Here, the irreversible loss is real property—an asset far harder to restore than cash—and while the purchaser will assert losses and great financial harm, they can be protected by the property's equity cushion of $400,000 and the existing $43,000 bond. By contrast, once Rosenthal is evicted, no post-appeal remedy can give back his longtime home or revive the estate's § 544(a)(3) rights. On that balance, the purchaser's financial exposure is

9

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

compensable, whereas Rosenthal's harm is permanent.

C.          **The Balance of Equities Strongly Favors a Stay**

The equities weigh decisively in favor of Mr. Rosenthal. A stay is the only means of preventing the permanent loss of his family home and more than $400,000 in equity—funds that, after the Debtor's homestead exemption, would flow to unsecured creditors and thus augment the bankruptcy estate. *See* Rosenthal Decl. ¶¶ 3-4. By contrast, Buda Hill and its hard-money lender, Eastside Funding LLC, are sophisticated real estate investors. Buda Hill's managing member testified that the company regularly buys discounted properties at foreclosure auctions, finances those bids with short-term, voluntary high-interest loans, and as of the February 19, 2025, hearing, had neither rented nor resold any of the properties it purchased in the fall of 2024. *See* Dkt No. 61, Hr'g Tr. 61:14-20 (Feb. 19, 2025). Their only conceivable injury during a stay is the time value of capital on a loan they voluntarily structured at a 24 percent rate, not the loss of shelter or accumulated equity.

The Ninth Circuit instructs courts to place the burden of delay on the party best able to bear it. *See Leiva-Perez*, 640 F.3d at 970. Mr. Rosenthal faces displacement and the total wipe-out of all home equity; the purchasers face only the time value of money on a speculative, interest-only loan—a self-chosen business risk, not an unavoidable loss. Where that asymmetry exists, courts hold that the balance of harms favors a stay. *See Revel AC, Inc.*, 802 F.3d at 571-73 (granting stay where denial would destroy the movant's business, while the buyer's injury was "a voluntary financing cost"); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (focusing on which party can better bear the interim burden).

Like the speculative purchaser in *Revel AC*, Buda Hill can readily bear a short delay backed by a $43,000 bond and a $400,000 equity cushion. Mr. Rosenthal cannot. The equities therefore tilt toward maintaining the status quo. *Revel AC,* 802 F.3d at 572-73. When one side faces irreversible loss of a home and the other merely postpones a speculative return, the balance of equities compels a stay.

D.          **A Stay Serves the Public Interest**

This appeal presents a critical issue of statutory interpretation under RCW 61.24.050(1) as amended in 2012: does mailing a trustee's deed satisfy the Legislature's new requirement for "physical delivery" for title to pass in a non-judicial foreclosure? Clarifying that question will benefit courts, lenders, trustees, and homeowners statewide. Without a stay,

10

DEBTOR'S MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

foreclosure purchasers could rely on an unperfected title based on mailing alone, while debtors and trustees might be unable to invoke § 544(a)(3) to protect the estate.

Staying the judgment now, while the appellate court considers these novel questions, would ensure uniformity and prevent unnecessary harm or confusion. Courts have long recognized that staying enforcement of judgments in cases involving statutory interpretation or issues of first impression promotes judicial integrity and sound public policy. *See Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1126-27 (9th Cir. 2008) (public interest favored a stay because the ordinance embodied the policy judgment of the local lawmakers and no conflicting federal law preempted it)

Requiring physical delivery gives the trustee a narrow window to cure post-sale defects before legal title passes, yet still demands a clear hand-to-hand act before the homeowner's interest is extinguished. That statutory contrast—"mailed" for notices but "physical delivery" for the deed—intentionally keeps title in limbo only as long as necessary for quality control. Preserving that design while the appeal proceeds is squarely in the public interest. *See* Engrossed Substitute H.B. 2614, § 14, 62d Leg., Reg. Sess. (Wash. 2012). Congress likewise served that same public interest by enacting 11 U.S.C. § 544(a)(3), which lets the trustee (or the Debtor acting derivatively) avoid unperfected real-property transfers for the benefit of the estate and its creditors.

    **E.**    **Bond Requirement: the Existing $43,000 Security Is More than Adequate**

Federal Rule of Bankruptcy Procedure 8007(b)(1)(B) authorizes the Court to approve "a bond or other security" to obtain a stay pending appeal. After the 2018 amendments to Rule 8007, there is no supersedeas bond presumption. Bankruptcy courts therefore look to Rule 62(d) cases for guidance, holding that a large bond is unnecessary when the appellee's risk is purely economic and already protected by collateral. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (bond may be reduced or waived when prevailing party's risk is "purely economic and fully covered by existing collateral); *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796-97 (7th Cir. 1986) (court may accept alternate security when the appellant is plainly able to pay or when a large bond would endanger other creditors). Therefore, the existing $43,000 preliminary

11

DEBTOR'S MOTION FOR STAY  
PENDING APPEAL

DEVLIN LAW FIRM LLC  
1526 GILPIN AVENUE  
WILMINGTON, DE 19806  
TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 15 of 17

injunction bond[2] supplies ample security for the requested stay pending appeal, and this court should convert it into an appeals bond. In addition, Mr. Rosenthal will keep property taxes and hazard insurance current throughout the appeal. Rosenthal Decl. ¶ 12.

Buda Hill financed its $915,100 bid with a six-month, interest-only loan from Eastside Funding in the principal amount of $853,150.92. The note matured on February 20, 2025 and now accrues default interest at 24 percent, or $568.77 per day. *See* Dkt. No. 66, Tang Decl. ¶¶ 3-8 & Ex. A (promissory note). Eastside is not an unrelated lender at risk of losing its lien; it appears as a co-grantee on the unrecorded trustee's deed, "for security purposes only." *See* Dkt No. 48, McDonald Decl. ¶ 6 & Ex. B (unrecorded deed listing "Buda Hill LLC and Eastside Funding LLC") at 2-3. Thus Eastside's debt is already over-secured by the property itself, which is worth ≈ $1.35 million—more than $400 k above the $915,000 bid and loan balance.

The only cash "carrying costs" the purchasers face during the stay are (i) interest at the voluntarily chosen 24 percent rate and (ii) an insurance premium of $1,294 per month. Tang Decl. ¶ 4. Courts do not require an appellant to indemnify a prevailing party for such self-imposed financing costs, especially when a substantial equity cushion already protects the loan. *See Poplar Grove Planting*, 600 F.2d at 1191; *Olympia Equip. Leasing*, 786 F.2d at 796-97.

At 24 percent, interest accrues at roughly $569 per day; for a property is valued at $1.35 million with more than $400,000 in equity, providing security far exceeding the $915,100 bid and the current bond for the $43,000. Equity plus insurance is sufficient "other security" under Rule 8007. *See Revel AC,* 802 F.3d at 571-72. Because the purchasers' risk is modest, fully collateralized, and entirely of their own making, requiring a larger cash bond would punish the estate rather than protect the investors. The Court should therefore convert the existing $43,000 bond into the Rule 8007 appeal bond and grant the stay.

## VI. CONCLUSION

Mr. Rosenthal respectfully requests that the Court enter an order staying enforcement of the judgment pending resolution of his appeal, including any effort to record the trustee's deed or to proceed with eviction. The record supports this request under the applicable legal standards, and a stay is necessary to preserve the integrity of appellate review.

---

[2] See Dkt. No. 41 (Preliminary Injunction Order); Dkt. No. 42 & Ex. A. (Declaration Re Bond with Bond attached); Dkt. No. 74 (Agreed Order Extending Preliminary Injunction); Dkt. No. 77 & Ex. 1 (Declaration Re Bond Extension with Bond Rider attached).

Respectfully submitted,

Dated: April 27, 2025

By: */s/ Christina L. Henry*
Christina L. Henry, WSBA #31273
DEVLIN LAW FIRM LLC
6100 219th St. SW
Ste. 480, PMB 398
Mountlake Terrace, WA 98043-2222
Tel: (206) 319-0077
*chenry@devlinlawfirm.com*
13

DEBTOR'S MOTION FOR STAY PENDING APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Case 25-01010-CMA    Doc 82    Filed 04/27/25    Ent. 04/27/25 15:36:40    Pg. 17 of 17